MURPHY v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. December 30, 1910.)

1. MUNICIPAL CORPORATIONS (§ 821*)—DEFECTIVE STREETS—EVIDENCE—QUESTION FOR JURY.

A plaintiff, who testified, in her action for injuries on a defective sidewalk, that she stepped into a hole in a cement sidewalk, and that the hole was so large that her entire foot went into it up to her ankle, was entitled to go to the jury on the issue whether the hole was of sufficient size to charge the city with liability for its continuance, notwithstanding the testimony, on cross-examination of her witness, that the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

hole was about six inches in circumference and an inch. or an inch and a half deep.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1750; Dec. Dig. § 821.*]

2. WITNESSES (§ 236*)—EXAMINATION—EXTENT.

Where, in an action for injuries to a pedestrian by stepping into a hole in a sidewalk, a witness for plaintiff testified that she had occupied abutting premises for four months, and that every time she went out to sweep the sidewalk she saw the hole, but could not tell how long before the accident she saw it, plaintiff was entitled to have her fix one or more of the times she had seen the hole, to determine whether the city was chargeable with notice of the defect.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 817–826; Dec. Dig. § 236.*].

Appeal from Trial Term, Kings County.

Action by Jennie Murphy against the City of New York. From a judgment for defendant, plaintiff appeals. Reversed, and new trial granted.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, THOMAS, and RICH, JJ.

Jesse Fuller, Jr., for appellant.
James D. Bell, for respondent.

RICH, J. This action is to recover damages for a personal injury, sustained by plaintiff in stepping into a hole in a cement sidewalk, alleged to have been of such size and to have existed a sufficient length of time to charge the defendant with constructive notice of its defective condition. The plaintiff testified that the hole was so large that her entire foot went into it up to her ankle—that it "was as large as a good-sized basin, wash basin." Emma L. Young, who occupied the store in front of which plaintiff fell, was called as a witness by the plaintiff. She was not asked upon her direct examination anything about the hole or its size. Upon her cross-examination she testified that it was about six inches in circumference and an inch or an inch and a half deep. The trial court advised counsel for the defendant that in asking the question he had made Mrs. Young his own witness.

Whether .the question be regarded from this viewpoint, or whether she be regarded as the witness of the plaintiff as to all of her testimony, the fact that she differed with plaintiff as to the size of the hole did not conclude the plaintiff upon that question. She was entitled to go to the jury upon the question of whether the hole was or was not of a sufficient size to charge the city with liability for its continuance. This being so, the only element of a prima facie case missing was notice, either actual or constructive, to the defendant of its existence a sufficient length of time before the accident to charge the defendant with liability for its maintenance. To establish this ·the witness was asked how long before the accident she had noticed the hole, and answered that she could not say. The following questions were then asked, rulings made, and exceptions taken:

"Q. Was it a month? The Court: She says she don't know. I will exclude the question as already answered. (Plaintiff excepts.) Q. Can't you fix it

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

definitely, whether it was two weeks or three weeks? The Court: The question is excluded as already answered. (Plaintiff excepts.) Q. Approximately, how long had you noticed the hole before the accident? (Objected to as already answered. Objection sustained. Plaintiff excepts.)"

The plaintiff then rested, and a nonsuit was granted, upon the ground that there was "nothing in the testimony imputing liability to the city," to which ruling an exception was taken.

The witness had testified that she had occupied the premises four months, and that every time she went out to sweep the sidewalk she saw the hole, but could not tell how many times she saw it; that she would sweep the dirt from the sidewalk into the hole, at times, and by so doing fill it up. She had seen the hole, and it was proper for the plaintiff to interrogate her upon this subject, and to have her fix one or more of such times definitely, or approximately fix the times when she saw it, and the error of the learned trial justice in excluding this evidence requires a reversal of the judgment.

The judgment must be reversed, and a new trial granted; costs to abide the event. All concur.